02-11-268-CR









 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

NO. 02-11-00268-CR

 

 


 
 
 LEROY CHARLES WILSON
 
 
  
 
 
 APPELLANT
 
 


 

V.

 


 
 
 THE
 STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM THE 355TH DISTRICT COURT OF HOOD COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

     Appellant
Leroy Charles Wilson attempts to appeal from the trial court’s denial of his
motion for new trial, in which he complains about the trial court’s findings of
fact.  The trial court’s findings of fact were made in response to a December
8, 2010 order by the court of criminal appeals on appellant’s application for writ of habeas corpus.  In the order, the court of
criminal appeals instructed the trial court to order the Texas Department of
Criminal Justice’s Office of the General Counsel to file an affidavit listing
appellant’s sentence history.  The court of criminal appeals also instructed
the trial court to make findings of fact as to whether appellant had properly
exhausted his administrative remedies and what time, if any, appellant was
entitled to, as well as any other findings of fact and conclusions of law “that
it deem[ed] relevant and appropriate to the disposition of [appellant’s] claims
for habeas corpus relief.”  Ex parte Wilson, No. WR-52158-04, 2010 WL
4978452, at *1 (Tex. Crim. App. Dec. 8, 2010, order) (not designated for
publication).  The court also ordered that appellant’s application be held in
abeyance until the trial court had resolved the fact issues.  Id. at *2.

     On
July 14, 2011, this court notified appellant of our concern that we lacked
jurisdiction over this appeal because we do not have jurisdiction over
complaints involving article 11.07 writs of habeas corpus.  See Tex.
Code Crim. Proc. Ann. art. 11.07 (West Supp. 2010).  We stated that unless appellant
or any party desiring to continue the appeal filed with the court a response
showing grounds for continuing the appeal, the appeal would be dismissed for
want of jurisdiction.  Appellant filed a response, but it does not show grounds
for continuing this appeal.  Therefore, we dismiss this appeal for want of
jurisdiction.  See Tex. R. App. P. 43.2(f); see also Tex. Code
Crim. Proc. Ann. art. 11.07; Ater v. Eighth Court of Appeals, 802 S.W.2d
241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (stating that the court of
criminal appeals is the “only court with jurisdiction in final post-conviction
felony proceedings”).

 

                                                                             PER
CURIAM

 

 

PANEL:  MCCOY, MEIER, and GABRIEL,
JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  August 25, 2011









[1]See
Tex. R. App. P. 47.4.